SPRINGVALE NATIONAL BANK In Equity *vs.* NELLIE L. WARD et als.

York.    Opinion February 9, 1923.

*The deposit of money in a bank by A in his own name with the addition of "Trustee*
*for B" raises the presumption that an irrevocable trust was intended, and when*
*not controlled by evidence showing a contrary intent, is sufficient to establish*
*such a trust, unless the power of revocation is reserved, but the entry on*
*the deposit book is not conclusive evidence of an absolute gift of an*
*equitable interest.    Evidence is admissible to show the inten-*
*tion of the donor and to control the effect of the entry.*

In the instant case if it was the donor's intention, accompanying the declaration,
to part absolutely with the equitable title, retaining only the legal title, his
intention may be carried into effect; but if he intended to retain both legal and
equitable title as long as he lived, to dispose of the fund in his lifetime as he
pleased, and that only what was left on the account at his death should then go
to the person named as beneficiary, such intention cannot be carried into effect,
because it is testamentary in character, and in contravention of the statute of
wills.

A careful consideration of the evidence discloses that the first change by Mr.
Lerned in the designation of the depositor cannot be given effect as a declaration
of an irrevocable trust, conferring the equitable title absolutely on Nellie L.
Ward; the evidence of an irrevocable trust is neither explicit nor convincing.

The claim of Myrtie E. Stiles must fail for the same reason.    The entire arrange-
ment was testamentary in character and, not being in accordance with the
statute of wills, cannot be given effect.    The administrator of the estate of
Asa J. Lerned is entitled to the deposit and all accumulations.

On report.    A bill of interpleader to determine the rights of defend-
ants as claimants in and to a deposit in plaintiff bank by one Asa J.
Lerned which had previously to May 4, 1917, stood in his own name.

On that date the said Asa J. Lerned directed the bank to change the
entry on the deposit book and also upon the records of the bank so it
would read as follows, "Asa J. Lerned, Trustee, payable in case of
death to Nellie L. Ward."    On March 22, 1918, he directed the bank
to make another change in the entries in the deposit book and in the
records of the bank, substituting for "Nellie L. Ward" the name
"Myrtie E. Stiles."

On June 2, 1918, Mr. Lerned died intestate on which day the
account amounted to $5,460.00.    A hearing was had upon the bill,

answers, replications and proof, and at the conclusion of the evidence, by agreement of the parties, the cause was reported to the Law Court for the determination of the rights of the parties, with certain stipulations as to plaintiff's costs in any event, and as to the payment of the expenses of intestate's last sickness and burial. Bill sustained. Decree in accordance with the opinion, and the stipulations of the report. The administrator to charge his taxable costs, expenses, and reasonable allowance for services in his account, to be allowed by the Judge of Probate.

The case is fully stated in the opinion.

*George A. Goodwin,* for plaintiff.

*Mathews & Stevens, Sidney Perley, Harry C. Chubb, Willard & Ford, Lucius B. Sweet and F. R. & M. Chesley,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. On May 4, 1917, one Asa J. Lerned, a depositor in the Savings Department of the Springvale National Bank, presented his deposit book, which had previously stood in his own name, at the bank and directed that the designation of the depositor be changed so as to read, "Asa J. Lerned, Trustee, payable in case of death to Nellie L. Ward." This change was made upon the deposit book and upon the records of the bank.

On March 22, 1918, he again presented the deposit book at the bank, and said in substance to the assistant cashier, "I wish you would remove the name of Nellie L. Ward from that account and place the name of Myrtie E. Stiles there, and make the account payable to Myrtie E. Stiles in case anything happens to me." The assistant cashier changed the designation of the depositor, upon the deposit book, so that it read, "Asa J. Lerned, Trustee, payable in case of death to Myrtie E. Stiles, March 22, 1918," and upon the records of the bank, so that it read, "Asa J. Lerned, Trustee in the trust for Myrtie E. Stiles, March 22, 1918." The bank officer states that he followed Mr. Lerned's directions as he understood them, and did not distinguish between what he wrote on the deposit book and on the records of the bank.

Between May 4, 1917, and the date of his death Mr. Lerned retained possession of the deposit book and made sundry deposits on and withdrawals from the account; on two occasions he deposited as high as

$2000 each, and on two other occasions as high as $1000 each; three withdrawals were as high as $1500, $1350 and $1700 each.

Mr. Lerned died intestate June 2, 1918, on which day the account amounted to $5460.00. This bill of interpleader is brought to determine the rights of the claimants, Nellie L. Ward, Myrtie E. Stiles, and the Administrator of Mr. Lerned's estate, to this fund and its accumulations.

*Claim of Nellie L. Ward.* Counsel for Mrs. Ward contend that the deceased created an irrevocable trust in her favor by the designation made on the deposit book on May 4, 1917 when considered in connection with his letter to her of that date hereafter referred to, and that the equitable title to the deposit passed as effectually as in a case of a gift inter vivos. They rely upon *Cazallis* v. *Ingraham,* 119 Maine, 241. In that case we held that the deposit of money in a bank by A in his own name with the addition of, "Trustee for B" raises the presumption that an irrevocable trust was intended, and when not controlled by evidence showing a contrary intent is sufficient to establish such a trust, unless the power of revocation is reserved. In the instant case, however, the entry was not the clear declaration, "Asa J. Lerned, Trustee for Nellie L. Ward," but "Asa J. Lerned, Trustee, payable in case of death to Nellie L. Ward." The difference is significant.

The entry on the deposit book, however, is not conclusive evidence of an absolute gift of an equitable interest. Evidence is admissible to show the intention of the donor and to control the effect of the entry. *Bath Sav. Inst.* v. *Hathorn,* 88 Maine, 122, 126, 128. The material inquiry is as to the donor's intention. *Cazallis* v. *Ingraham,* supra. If it was Asa J. Lerned's intention, accompanying the declaration, to part absolutely with the equitable title, retaining only the legal title, his intention may be carried into effect; but if he intended to retain both legal and equitable title as long as he lived, to dispose of the fund in his lifetime as he pleased, and that only what was left on the account at his death should then go to Mrs. Ward, such intention cannot be carried into effect, because it is testamentary in character, and in contravention of the statute of wills; the case will then fall within that class of cases, of which *Howard, Admr.* v. *Dingley et als.,* 122 Maine, 5, is a recent example.

A careful consideration of the evidence convinces us that Mr. Lerned's action on May 4, 1917, cannot and should not be given effect

as an irrevocable trust, conferring the equitable title absolutely on Mrs. Ward.

In the first place, the language used on the deposit book is very significant; it looks toward the future, and is contingent . . ."in case of death to Nellie L. Ward;" that is, she surviving him.

The case affords, however, ample evidence of what was in Mr. Lerned's mind. The plan adopted originated after consultation with an attorney in Massachusetts about making a will, to whom he stated "that he had some money in the bank and *wanted it left to Nellie.*" The attorney drafted a letter, addressed to Mrs. Ward, which Mr. Lerned signed, and dated it the same day, May 4; 1917, on which he presented his book at the bank. The letter follows:

"Shapleigh, Maine, May 4, 1917.

Nellie (Lerned) Ward,
     No. 70 Federal Street
          Salem, Mass.

Dear Nellie:—

You are hereby notified that I have deposited in the Springvale National Bank (Savings department) of Springvale, Maine, in the name of 'Asa J. Lerned in trust for Nellie Ward' a certain sum of money.

This money is to be yours when I die, and you are hereby notified that the sum of money left at my death in the Savings department of the said bank in the and under the title of 'Asa J. Lerned in trust for Nellie Ward' is put in in that way so that you may and shall have it at my death.

Keep this notice.

from your father,

ASA J. LERNED."

This letter affords plenary proof of the writer's intention; the deposit was not to be the property of Mrs. Ward until his death; words could not make his thoughts clearer. This letter was shown to the cashier, when he was requested to make the change on the books, and clearly interprets the language there used.

The intention of Mr. Lerned is also disclosed by the way in which he treated the bank account. While the retention of the book, the withdrawal of interest and the making of additional deposits do not necessarily controvert the theory of an irrevocable trust (*Cazallis* v. *Ingraham*, supra), the use of the account as here shown is clearly inconsistent with the position that Mr. Lerned had absolutely parted with the equitable title to the fund. As we have seen the deposits and withdrawals were often in substantial amounts. Between May 4, 1917 and his death, June 2, 1918, the deposits were twelve in number, aggregating $7747, and the withdrawals were thirty-seven in number, aggregating $6779.88, not including September 1917 and March 1918 dividends amounting to $174.76. In other words, this man, retired from business, having use for only very limited banking facilities, treated this account precisely as a business man would treat an active bank account. This is entirely inconsistent with the idea that he had parted with all beneficial interest therein. On the other hand, it is consistent with the theory that he thought and intended that his arrangement at the bank would take the place of a will.

The claim of Nellie L. Ward cannot be sustained. The evidence of an irrevocable trust is neither explicit nor convincing; it falls below the standard recognized in *Cazallis* v. *Ingraham*, supra, page 244.

*The claim of Myrtie E. Stiles* must fail for the same reason. We do not attach any importance to the difference in the entries made March 22, 1918 upon the deposit book and upon the bank records. The testimony of the assistant cashier clearly shows that deceased only wished to substitute the name of Myrtie E. Stiles for Nellie L. Ward; in all other respects the intention, and arrangement for carrying it into effect, was the same as before.

The entire arrangement was testamentary in character and, not being in accordance with the statute of wills, cannot be given effect. The administrator of the estate of Asa J. Lerned is entitled to the deposit and all accumulations.

> *Bill sustained.    Decree in accordance with this opinion, and the stipulations of the report. The administrator may charge his taxable costs, expenses, and a reasonable allowance for services in his account, to be allowed by the Judge of Probate.*